**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**ROBERT TRIBBLE,**

    **Plaintiff,**

vs.                                          Case No.: 1:23-CV-00032-AW-MAF

**SECURUS d/b/a/
JPAY d/b/a/ Unity Table Group,
et al.,**

    **Defendants.**

_____/

**REPORT AND RECOMMENDATION**

Plaintiff, a prisoner proceeding *pro se*, initiated this civil rights case, pursuant to 42 U.S.C. § 1983, filed an amended complaint, and paid the requisite filing fee. ECF Nos. 1, 13. Plaintiff is no stranger to the federal courts.[1] Despite Plaintiff's protests that he is not subject to screening because he paid the fee, the Court is required to do so under 28 U.S.C. § 1915A.[2] Plaintiff's allegations are construed liberally. See Mederos v.

---

[1] According to the Florida Department of Corrections (FDOC), Corrections Offender Network, in 2015, Plaintiff was sentenced to ten years in prison in Martin County Case No. 1100684; and, in 2019, he was sentenced to life in prison in Martin County Case No. 1400002. The FDOC inmate locator is available at the following URL: http://www.dc.state.fl.us/offenderSearch/detail.aspx?Page=Detail&DCNumber=K88734&TypeSearch=AI. Accessed: 6/7/2023.

[2] Plaintiff paid the $402 filing fee; therefore, the complaint is not subject to screening as set forth in 28 U.S.C. § 1915(e)(2). However, because Plaintiff is a prisoner seeking

United States, 218 F.3d 1252, 1254 (11th Cir. 2000) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)). Twice, the Court directed Plaintiff to file a proper amended complaint. ECF Nos. 5, 12. However, Plaintiff failed to correct the deficiencies identified. ECF No. 13. After careful consideration, for the reasons stated below, this case should be dismissed without prejudice because Plaintiff failed to comply with the Court's order to amend by failing to fully disclose his litigation history and by misjoining his claims.

**I.   Standard of Review**

A federal court conducts an initial screening of a *pro se* complaint to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "An action is malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury. . ." Burrell v. Moore, 854 F. App'x 624 (11th Cir. 2021); See Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998) (affirming counting as a strike under § 1915(g) an action that was dismissed

---

redress from the equivalent of a government entity, his pleadings are subject to screening under 28 U.S.C. § 1915A, which does not distinguish between IFP- and non-IFP plaintiffs. Plaintiff named state contractors who provide services to the state prison and alleges constitutional violations.

Case No.  1:23-CV-00032-AW-MAF

for an abuse of the legal process because the inmate lied under penalty of perjury about a prior lawsuit), overruled on other grounds by Jones v. Bock, 549 U.S. 199 (2007); see also, e.g., Sears v. Haas, 509 F. App'x 935, 935-36 (11th Cir. 2013) (dismissal of action without prejudice as malicious for abuse of judicial process was warranted where inmate failed to disclose case he had filed against prison officials just five months earlier, and failed to disclose another case he filed six years earlier that had been dismissed prior to service for failure to state a claim); Jackson v. Fla. Dep't of Corr., 491 F. App'x 129, 132-33 (11th Cir. 2012) (dismissal of action without prejudice as malicious for prisoner plaintiff's abuse of judicial process was warranted where plaintiff failed to disclose existence of one prior case, and disclosed existence of another prior case but still failed to disclose that it was dismissed as frivolous, malicious, failing to state a claim, or prior to service).

Federal courts have the inherent authority to *sua sponte* dismiss cases in order to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R. Co., 370 U.S. 626, 631 (1962). Federal Rule of Civil Procedure 41(b) provides that if a plaintiff fails to comply with a court's orders, the plaintiff's claims or actions may be dismissed. Moreover, a district court "has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of

cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing and Landscape Servs., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). "A district court need not tolerate defiance of reasonable orders," and the Court may dismiss a claim without prejudice even for a minor violation of a court order. Id.; see also Dynes v. Army Air Force Exch. Serv., 720 F. 2d 1495, 1499 (11th Cir. 1983) (holding that dismissal without prejudice, even for a minor violation of a court order, was not an abuse of discretion).

This Court must ensure that its limited resources are allocated in such a manner as to protect and promote the interests of justice. Thus, a case in which a plaintiff has maliciously abused the judicial process warrants dismissal.[3]

## II. Plaintiff's Complaint, ECF No. 1.

Plaintiff did not use the proper form. He edited the complaint form. Plaintiff named two defendants who are contracted by the prison: Securus

---

[3] In general, a dismissal without prejudice does not amount to abuse of discretion. See Dynes v. Army Air Force Exch. Serv., 720 F.2d 1495, 1499 (11th Cir. 1983) (holding that dismissal without prejudice, even for a minor violation of a court order, was not an abuse of discretion). Such a dismissal should be allowed absent some plain prejudice other than the mere prospect of a second lawsuit. See Kotzen v. Levine, 678 F.2d 140 (11th Cir. 1982).

Case No. 1:23-CV-00032-AW-MAF

(JPAY), a telecommunications provider, and Trinity, which provides canteen services. Id.

Plaintiff alleges that JPAY has a contract with the FDOC to provide digital media services for inmates, their families, and friends. Id., pg. 4. Beginning May 8, 2019, Plaintiff purchased hundreds of songs for $1.99 each, a JP5 mini tablet for $85, and two JP6 tablets for $139 each. Id. JPAY represented it had licensing authority. Id., p. 5. According to Plaintiff, JPAY listed all of Plaintiff's contacts on the kiosk face page making those contacts available to inmates and staff and listed his media and commissary account balances. Id. JPAY intercepted or destroyed nearly 300 communications in violation of the First Amendment. Id., pp. 5, 8. Plaintiff purchased three tablets but was forced, without warning, by FDOC staff to use a loaner tablet. Id., p. 6. JPAY later admitted it lacked licensing authority to sell about half of the music Plaintiff purchased but refused to refund the money paid. Id. Plaintiff also claims that JPAY charged excessive prices "above local compatible retailers" in violation of Florida law and his right to equal protection and due process. Id.

Plaintiff claims that Trinity has an exclusive contract with FDOC to provide canteen items for sale. Id., p. 7. According to Plaintiff he was overcharged $4,016.14 for canteen items, which is greater than the amount

Case No. 1:23-CV-00032-AW-MAF

sold by compatible retailers in violation of state law and his equal protection- and due process rights. Id. Plaintiff claims that JPAY through Trinity accessed and published his inmate account balances to other inmates and staff. Both Trinity and JPAY charge unauthorized taxes and fees. Id.

As relief, Plaintiff seeks declaratory- and injunctive relief; actual damages in the amount of $1,932.12 from JPAY and $8,016.14 from Trinity; court costs and attorneys fees; and compensatory damages as deemed proper by the Court. Id., pp. 9-10.

## III. Discussion

### A. Plaintiff's Complaint is Not on the Proper Form to Avoid the Proper Disclosure of His Federal Litigation History

Pursuant to N.D. Fla. Loc. R. 5.7(A), a *pro se* litigant must file a civil rights case on the proper "form available without charge from the Clerk or on the District's website . . . The Court need not—and ordinarily will not—consider a petition, motion, or complaint that is not filed on the proper form." Plaintiff edited the complaint form so that Section VIII, Question A, was completely omitted. ECF No. 13, p. 11. The advisory of the "three strikes rule" remains on Plaintiff's form. Id.

First, where Question A would ordinarily appear, Plaintiff argues he is not subject to prescreening under the "three striker" provision; he did not disclose any case which was dismissed as a "strike." Id. On the proper form,

Case No. 1:23-CV-00032-AW-MAF

Question A asks, "Have you had any case in federal court, including federal appellate court, dismissed as frivolous, as malicious, for failure to state a claim or prior to service?" Plaintiff was required to answer Question A.

There is nothing on the civil rights complaint form that suggests that a prisoner is exempt from disclosing his litigation history if he paid the filing fee. Moreover, it is well established that "sanctions can be imposed based on a *pro se* prisoner's failure to disclose his litigation history, irrespective of whether the prisoner paid the filing fee or is proceeding *in forma pauperis*" because the disclosure requirement serves more purposes than simply allowing the court to determine whether the prisoner is a "three striker" who is precluded from proceeding *in forma pauperis*. Kendrick v. Inch, 2021 U.S. Dist. LEXIS 118720, 2021 WL 2623215, at *1 (N.D. Fla. June 25, 2021) (citing cases), aff'd sub nom. Kendrick v. Sec'y, Fla. Dep't of Corr., 2022 U.S. App. LEXIS 18235, 2022 WL 2388425 (11th Cir. July 1, 2022); Mathews v. Thompson, No. 5:22-cv-85-TKW-MJF, 2022 U.S. Dist. LEXIS 205112, at *1-2 (N.D. Fla. Nov. 10, 2022).

In one recent case, the Middle District of Florida dismissed Plaintiff's case because he is a "three striker" and listed several strikes but not all of them. See M.D. Fla. No. 3:19-cv-00839-BJD-JK, Tribble v. Medical Director

Columbia, C.I., DE No. 8. This Court will not list all of Plaintiff's "strikes" because it is his responsibility to disclose them.

Second, Question B asks, "Have you filed other lawsuits or appeals in state or federal court dealing with the same facts or issue involved in this case?" Plaintiff answered, "No." Plaintiff raised the same claims against JPAY in N.D. Fla. No. 1:19-cv-00133, Tribble v. Medical Director, et al., which was transferred to the Middle District of Florida (see M.D. Fla. No. 3:19-cv-00839, Tribble v. Medical Director, et al.).

Third, Question C asks, "Have you filed any other lawsuit, habeas corpus petition, or appeal in state or federal court either challenging your conviction or relating to the condition of your confinement?" ECF No. 13, p. 12. Plaintiff answered "yes," but only listed three federal cases, two cases at the Florida Fourth District Court of Appeals, and attached the opinions for three cases at the Supreme Court of Florida. Id., pp. 12-13, 15-17. The only federal cases Plaintiff disclosed are:

1. S.D. Fla. No. 2:22-cv-14090, Tribble v. Sec'y Dep't of Corr., filed pursuant to 28 U.S.C. § 2254

2. S.D. Fla. 9:14-cv-81162, Tribble v. Tew, et al., filed pursuant to 42 U.S.C. § 1983

3. 11th Cir. No. 15-13030, Tribble v. Tew

As indicated above, the Court takes judicial notice that Plaintiff has other federal cases which he did not disclose at all.[4] In the Middle District of Florida, Plaintiff has numerous cases, for example:

3:21-cv-01247-MMH-LLL, <u>Tribble v. FDOC, et al</u>

3:22-cv-00236-TJC-MCR, <u>Tribble v. Sec'y Dep't of Corr.</u>

3:19-cv-00839, <u>Tribble v. Medical Director, et al.</u>, as listed above

Again, this is not an exhaustive list but serves to illustrate that Plaintiff remains steadfast in his refusal to fully disclose his litigation history and ignored the Court's directives. Prisoners are required to accurately disclose their litigation history on the complaint form under the penalty of perjury. Any affirmative misrepresentations constitute an abuse of the judicial process warranting dismissal of the case without prejudice as "malicious" under §§ 1915(E)(2)(B)(i) and 1915(b)(1). <u>See</u> <u>Ealy v. CCA</u>, 2015 U.S. Dist. LEXIS 173850, 2015 WL 9647546, at *1 (N.D. Fla. Dec. 18, 2015) (collecting Eleventh Circuit cases affirming dismissals without prejudice where plaintiffs failed to disclose their prior litigation history).

Disclosure of prior litigation is imperative as it is necessary for accurate, expeditious, and fair judicial action. As a matter of course, the

---

[4] Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of Plaintiff's litigation history in federal courts.

Case No. 1:23-CV-00032-AW-MAF

Court attempts to make an independent investigation into whether litigants have previously filed duplicative or malicious litigation. The time spent verifying the cases a plaintiff filed but failed to identify, as well as the claims raised in those cases and the final disposition can be considerable. Plaintiff's *pro se* status or paying the filing fee does not excuse him from conforming to the Rules. Dismissal is warranted because the complaint is on an edited version of the form designed to avoid the required disclosures and Plaintiff made affirmative misrepresentations.

  B. <u>Misjoinder</u>

Plaintiff raises claims that improperly join parties in an action. Federal Rule of Civil Procedure 20(a)(2) provides that multiple defendants may be joined in the same action only if, first, "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." Second, there must be a "question of law or fact common to all defendants in the action. Fed. R. Civ. P. 20(a)(2). Both prongs of the test must be met for joinder to be appropriate. The fact that both defendants charge unauthorized taxes and fees is not sufficient to join them in an action.

Here, it is not readily apparent how the various claims arise from the same transactions. A lawsuit against multiple defendants based on unrelated

Case No. 1:23-CV-00032-AW-MAF

events creates case management problems, prejudices the defendants, and is fundamentally unfair. It is unclear how JPAY's sale of digital media products or confiscating Plaintiff's communications is related to Trinity's alleged price gouging of canteen items. These Defendants would present unique defenses that would require different evidence. Claims arising out of unrelated transactions or occurrences must be filed as separate actions subject to different case numbers and filing fees. The Court previously advised Plaintiff that if parties were misjoined, the case would likely be subject to dismissal. See ECF Nos. 5, 12.

### C. Failure to Comply with Court Orders under Fed. R. Civ. P. 41(b).

Plaintiff failed to comply with the Court's order and the Rules governing this proceeding. The Eleventh Circuit has explained that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). Such authority includes the power to dismiss a case for failure to prosecute or for failure to comply with a court order under Fed. R. Civ. P. 41(b). Id.

Plaintiff failed to submit his amended complaint on the proper form as ordered by the Court; instead, he altered the form to avoid disclosures. ECF

Case No. 1:23-CV-00032-AW-MAF

Nos. 5, 12, 13. Plaintiff also failed to disclose his federal litigation history. <u>Id.</u> The Court gave Plaintiff the opportunity to correct the issues related to misjoinder. <u>See</u> ECF Nos. 5, 12. Plaintiff's failure to abide by this Court's orders need not be tolerated. Dismissal is appropriate.

Plaintiff will not be prejudiced by this dismissal. He may choose to initiate a new case presenting his claims in a complaint that follows the Rules governing these cases, subject to a new case number and filing fee.

## IV.  Conclusion and Recommendation

For the reasons stated above, it is respectfully **RECOMMENDED** that the case be **DISMISSED WITHOUT PREJUDICE** as malicious for failing to disclose his litigation history and for failure to comply with court orders pursuant to Fed. R. Civ. P. 41(b) and N.D. Fla. Loc. R. 41.1. Alternatively, the case may be dismissed because the claims are misjoined under Fed. R. Civ. P. 20(a)(2). Finally, this case should be **CLOSED**.

**IN CHAMBERS** this 7th day of June, 2023.

s/ Martin A. Fitzpatrick  
**MARTIN A. FITZPATRICK**  
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).